# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD LEVI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HIRSCH, et. al.,<br><br>　　　　　Defendants.<br>_____/ | CV F   03 5023 REC SMS P<br><br>ORDER DENYING PLAINTIFF"S MOTION TO AMEND COMPLAINT TO ADD NEW DEFENDANTS FOR ACTIONS OCCURRING SUBSEQUENT TO FILING OF COMPLAINT (Doc. 42-1)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF"S "MOTION TO DISMISS DEFENDANT DOE (aka Dr. Kim.)" (Doc. 42-2) |

　　　Arnold Levi ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　On August 19, 2005, Plaintiff filed a pleading titled "Motion to Dismiss 'Doe' Defendant, aka Dr. Kim and Request to Supplement Complaint to include actions by Defendants Hirsch and Traynham that Occured [sic] Subsquant [sic] to Filing of Complaint."

**A. Motion To Dismiss Defendant Doe**

　　　On March 25, 2005, this Court dismissed the Amended Complaint with leave to Amend. Plaintiff informed the Court on April 11, 2005, that he wished to proceed only with the claims

found cognizable and abandon those claims not cognizable. Thus, on April 15, 2005, the Court issued Findings and Recommendations to dismiss all claims not cognizable. The Court also issued a separate order directing the Clerk of Court to forward Plaintiff the necessary service forms for completion and return to the Court. Plaintiff did not timely submit the forms. Thus, the Court issued Findings and Recommendations on June 1, 2005. Plaintiff then submitted the USM 285 forms in compliance with the Court Order. The Court then vacated the Findings and Recommendations.

Upon review of the USM 285 forms submitted by Plaintiff on July 11, 2005, it appears that Plaintiff has included a "Dr. Kim" in place of the Doe Defendant against whom the Court found the Eighth Amendment claim cognizable. Plaintiff was informed that he needed to filed substitution of parties in order to add Dr. Kim in place of Dr. Doe. However, Plaintiff has now elected to dismiss his claims against Dr. Doe (or Dr. Kim) altogether.

In light of Plaintiff's expressed desire to dismiss the allegations against Defendant Doe and Defendant Doe from the action, the Court will recommend that Defendant Doe be dismissed.

**B. Motion to Amend**

Plaintiff also indicates that he wishes to amend the Complaint to allege new claims against the remaining Defendants Traynham and Hirsch for actions which have occurred subsequent to the filing of the instant Complaint. Unfortunately, Plaintiff's request cannot be granted.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

In this case, as the instant action was filed on January 8, 2003, any allegations arising since the initiation of this suit will have not been exhausted prior to the commencement of the action under the PLRA. In addition, as noted above, any new claims cannot be exhausted while

2

1  the suit is pending. Plaintiff's only remedy regarding the new allegations occurring subsequent to
2  the filing of this suit, is to file another suit but only after he has exhausted his administrative
3  remedies with respect to those claims.
4        Plaintiff should note further that the instant action and claims are not immune from
5  dismissal on exhaustion grounds.  Exhaustion is an affirmative defense under which Defendants
6  have the burden of raising and proving the absence of exhaustion.  <u>Wyatt v. Terhune</u>, 315 F.3d
7  1108, 1119 (9th Cir. 2003).  Because the dispositive motion deadline in this action has not yet
8  expired, in the event Plaintiff has not exhausted his administrative remedies with regard to the
9  claims at issue in the pending action, it is possible that Defendants will move for dismissal on
10 those grounds.  However, as the deadline has yet to expire, it is not known if and whether the
11 Defendants will so move.  In any event, the new claims Plaintiff seeks to now include are
12 unexhausted and cannot be included in the instant action.  Accordingly, his Motion must be
13 denied.
14 C. ORDER AND RECOMMENDATION
15       The Court HEREBY **ORDERS:**
16       1.    The Motion to Amend to include new claims against the Defendants named in this
17            action is DENIED;
18       The Court FURTHER **RECOMMENDS:**
19       2.    Plaintiff's Motion to Dismiss Defendant Doe and the claims against him be
20            GRANTED and Defendant Doe be dismissed from the action.
21       The Court FURTHER ORDERS that these Findings and Recommendations be submitted
22 to the United States District Court Judge assigned to this action pursuant to the provisions of 28
23 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
24 District Court, Eastern District of California.  Within TWENTY  (20) days after being served
25 with a copy of these Findings and Recommendations, any party may file written Objections with
26 the Court and serve a copy on all parties.  Such a document should be captioned "Objections to
27 Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
28 and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the

1  Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
2  § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time
3  may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153
4  (9th Cir. 1991).
5  IT IS SO ORDERED.
6  **Dated:   October 17, 2005**              /s/ Sandra M. Snyder
   icido3                                    UNITED STATES MAGISTRATE JUDGE