1

2

3

4

5

6        IN THE UNITED STATES DISTRICT COURT FOR THE

7              EASTERN DISTRICT OF CALIFORNIA

8

9   ARNOLD LEVI,                    )        No. CV-F-03-5023 REC/SMS P
                                    )
10                                  )        ORDER DENYING PLAINTIFF'S
                                    )        MOTION FOR RECONSIDERATION
11                  Plaintiff,      )        (Doc. 58)
                                    )
12            vs.                   )
                                    )
13                                  )
    HIRSCH, et al.,                 )
14                                  )
                                    )
15                  Defendant.      )
                                    )
16  _____)

17        On December 7, 2005, plaintiff filed a motion for

18  reconsideration of the court's October 19, 2005 Order denying

19  plaintiff's Motion to Supplement the Complaint.

20        In conjunction with the October 19 Order, the Magistrate

21  Judge recommended that the court grant plaintiff's motion to

22  dismiss the Doe defendants.  In his objections to the

23  recommendation, plaintiff asserted that the court erred in

24  denying his motion to supplement the Complaint.  The district

25  court ruled that the appropriate mechanism to raise that claim

26  was in a motion for reconsideration filed pursuant to Rule 72-

                               1

303, Local Rules of Practice.  Plaintiff then filed the instant

motion for reconsideration.

In the motion for reconsideration, plaintiff asserts that he

did not seek to add new defendants or new claims to the instant

action, but that he seeks to "include action by both Hirsch and

Traynham of the same nature alleged in the Complaint which are

directly related to those claims alleged in the Complaint but

which occurred subsequent to the filing of the complaint."

Plaintiff explains that he alleged in the Complaint that Dr.

Hirsch and Lt. Traynham violated his Eighth Amendment rights by

denying him medical care and that such denial continued even

after the filing of this action.  Thus, plaintiff seeks to add

these continuing allegations to the Complaint.

The local rule provides that resolution of a motion for

reconsideration is governed by a clearly erroneous or contrary to

law standard.  Motions for reconsideration must be filed within

ten court days from the date of service of the ruling on the

parties.

Plaintiff's motion for reconsideration is untimely as it was

filed well beyond the ten days allotted by the local rule.

Furthermore, the court finds no error in the Magistrate Judge's

ruling.  Plaintiff has made clear that he seeks to add new

instances of alleged constitutional violations that are identical

in nature to those alleged in the Complaint.  However, the Prison

Litigation Reform Act not only requires that each claim be

exhausted, but that each allegation of a constitutional violation

2

1   be exhausted prior to filing the Complaint.  <u>McKinney v. Carey</u>,

2   311 F.3d 1198, 1199-1201 (9th Cir 2002).  Thus, even if each of

3   the named defendants allegedly violated plaintiff's

4   constitutional rights in the same manner but on separate

5   occasions after the Complaint was filed, each instance

6   constitutes a new claim that must be exhausted prior to filing

7   the action.  The similarity of the events does not overcome this

8   exhaustion requirement.  This rule of exhaustion was explained in

9   the Magistrate Judge's Order denying plaintiff's motion to

10  supplement.  Therefore, that Order is neither clearly erroneous

11  nor contrary to law.

12      ACCORDINGLY:

13      1.  Plaintiff's motion for reconsideration is denied.

14  IT IS SO ORDERED.

15  **Dated:  December 8, 2005**          **/s/ Robert E. Coyle**

16  668554                        UNITED STATES DISTRICT JUDGE