# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD LEVI, | CV F   03 5023 REC SMS P |
| Plaintiff, | ORDER DENYING MOTION FOR ORDER STIPULATING REGARDING EXHAUSTION, MOTION FOR EXTENSION OF DISCOVERY DEADLINE  MOTION FOR ORDER STIPULATING USE OF VIDEO EVIDENCE. |
| v. | |
| HIRSCH, et. al., | (Docs. 67-1, 2, 69.) |
| Defendants. | |

Arnold Levi ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On April 7, 2006, Plaintiff moved to dismiss Defendants Hirsch and Traynham from the action indicating that the claims against them were unexhausted.  Defendants filed a Statement of Non Opposition on April 13, 2006.

On April 12, 2006, Plaintiff moved for an Order stipulating that all administrative remedies had been exhausted and also requested an extension of the discovery deadline.  Plaintiff then moved, on April 21, 2006, that the Court issue an Order stipulating that video evidence is to

be presented by him.

With respect to Plaintiff's Motions requesting the Court issue an Order stipulating, his requests are denied. A stipulation is simply the name given to any agreement made by two opposing parties regulating any matter incident to the proceedings. Generally, Court action is not required unless it is the intent of the parties that the stipulation be placed in the record. In this case, Plaintiff has requested that the Court issue an Order "stipulating" that his administrative remedies are exhausted and that he plans to use videotape evidence in the case. No stipulation by opposing counsel has been submitted to the Court to this effect and thus, the Court will not issue an order indicating that the parties have stipulated to anything regarding the case. Should Plaintiff seek a stipulation as to any procedures or use of evidence in the case, he must seek it from the opposing counsel not the court. Further, the Court notes that Plaintiff's statement that he intends to use particular evidence at trial is premature. Until the matter is set for trial, the disclosure of evidence to be used at trial is unnecessary. Similarly, the deadline for the filing of an Unenumerated 12(b) Motion (regarding exhaustion) has expired and no motion was filed by Defendants. Instead, Plaintiff sought dismissal on exhaustion grounds. Thus, a stipulation regarding exhaustion is unnecessary.

Plaintiff's request to extend the discovery deadline is DENIED. According to the Court's Scheduling Order, the discovery deadline does not expire until July 18, 206. Thus, Plaintiff's request is extremely premature. Further, that the Defendants did not file an unenumerated 12(b) motion is not good cause for an extension.

Finally, the Court finds Plaintiff's justification that more time is needed because he has "been transported throughout the Department of Corrections, from prison to prison, and in each prison from unit to unit" disingenuous. (Motion at 4.) The Order setting forth the discovery deadline issued in November of last year. Since that time, Plaintiff has filed only one change of address on April 7, 2006. Since the date of the Court's Order, Plaintiff has had at least five months of time to conduct discovery prior to his transfer, yet, according to him, no discovery has been conducted. The transfer of inmates is a constant possibility for an inmate such as Plaintiff and Plaintiff must take that into consideration when filing a civil suit and litigating the action.

1   Thus, to the extent Plaintiff seeks more time later in this action, such request must be made with
2   good cause.
3          Accordingly, the Court HEREBY ORDERS:
4          1.      The Motions for Orders of Stipulation are DENIED;
5          2.      The Motion to Extend the Discovery deadline is also DENIED.
6   IT IS SO ORDERED.
7   **Dated:    May 22, 2006**                    **/s/ Sandra M. Snyder**
    icido3                                       UNITED STATES MAGISTRATE JUDGE